

# NUMBERS 13-23-00187-CR, 13-23-00188-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DANNY ACOSTA,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

## On appeal from the 187th District Court
## of Bexar County, Texas.

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Silva**

Appellant Danny Acosta pleaded nolo contendere to the offense of evading arrest,

a state jail felony enhanced to a third-degree felony due to his habitual felon status, in

trial court cause number 2020CR5581 and aggravated assault with a deadly weapon, a

second-degree felony, in trial court cause number 2021CR4194.[1] *See* TEX. PENAL CODE ANN. §§ 12.42, 22.02(a)(2), 38.04(a), (b)(1)(A). The trial court placed him on deferred adjudication community supervision for ten years in each cause number. The State later filed amended motions to revoke appellant's community supervision and to adjudicate his guilt in each cause, alleging in its motions that appellant violated his terms and conditions of his community supervision. Appellant entered pleas of "true" to one violation raised in each of the State's amended motions. After conducting a hearing, the trial court revoked appellant's deferred adjudication community supervision, adjudicated him guilty, and sentenced him to ten years' incarceration in cause number 2020CR5581 and fifteen years' incarceration in cause number 2021CR4194. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas,

---

[1] These cases are before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09.

Appellant filed a pro se response. When appellate counsel files an *Anders* brief and the appellant independently files a pro se response, the court of appeals has two choices:

> [i]t may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the

3

issues.

*Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (internal citations omitted). We are "not required to review the merits of each claim raised in an *Anders* brief or a pro se response." *Id.* at 827. Rather, we must merely determine if there are any arguable grounds for appeal. *Id.* If we determine there are such arguable grounds, we must remand for appointment of new counsel. *Id.* Reviewing the merits raised in a pro se response would deprive an appellant of the meaningful assistance of counsel. *Id.*

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record, counsel's brief, and appellant's pro se brief,[2] and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178

---

[2] Appellant does not challenge his pleas of true in each cause or the trial court's finding of true. These grounds and appellant's pleas of true are sufficient to support the trial court's order; thus, his conviction stands. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("[O]ne sufficient ground for revocation will support the court's order to revoke probation."); *see also Narvaiz v. State*, No. 04-19-00702-CR, 2020 WL 6151083, at *1 (Tex. App.—San Antonio Oct. 21, 2020, no pet.) (mem. op., not designated for publication) (affirming conviction where appellant did not challenge the grounds to which he pleaded true and which the trial court found to be true); *Bravo v. State*, No. 04-17-00698-CR, 2018 WL 3129444, at *2 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op., not designated for publication) ("Proof of any one violation is sufficient to support revocation.").

Rather, appellant argues the prosecutor inappropriately cross-examined him during punishment on revocation allegations abandoned prior to the hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (permitting evidence of extraneous and unadjudicated acts during punishment proceedings); *see also Debnam v. State*, No. 04-22-00177-CR, 2023 WL 4223625, at *7 (Tex. App.—San Antonio June 28, 2023, no pet. h.) (mem. op., not designated for publication) (noting that "under the Texas Code of Criminal Procedure, the trial court could deem relevant and admissible a broad range of evidence in the punishment trial phase, including evidence of an unadjudicated act"). Consequently, appellant requests a "more l[e]nient sentence," which "would have been handed to [him]" but for the prosecutor's actions. Appellant was sentenced within the applicable punishment range for each indicted offense. *See* TEX. PENAL CODE ANN. §§ 12.42, 22.02(a)(2), 38.04(a), (b)(1)(A); *see also Gomez v. State*, No. 04-22-00198-CR, 2023 WL 2591500, at *1 (Tex. App.—San Antonio Mar. 22, 2023, no pet.) (mem. op., not designated for publication) ("As a general rule, a penalty assessed within the proper punishment range will not be disturbed on appeal.").

S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

### III.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.  CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
10th day of August, 2023.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.